```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :      MEMORANDUM & ORDER
         v.                                                :      24-CR-164 (WFK)
                                                           :
ALBERT MURATOV,                                            :
                                                           :
                           Defendant.                      :
-----------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 11, 2024, Defendant pled guilty to a single-count Information, charging him with Health Care Fraud in violation of 18 U.S.C. § 1347. Plea Agreement ¶ 1, ECF No. 11. The Court now sentences Defendant and provides a complete statement of reasons, pursuant to 18 U.S.C. § 3553(c)(2), of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to twenty-seven (27) months' imprisonment; two (2) years' supervised release with both the standard and special conditions of supervision, excepting the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d); and a $100.00 mandatory special assessment. Defendant must pay restitution of $4,261,609.25 and forfeiture of $1,614,058.00, pursuant to the Court's orders of restitution and forfeiture.

## I. BACKGROUND

Targretin is a topical prescription drug for treatment of certain skin conditions caused by Cutaneous T-Cell Lymphoma, a rare skin cancer. Sealed Presentence Investigation Report ("PSR") ¶ 14, ECF No. 13. Targretin Gel 1% is a dosage form of Targretin approved for patients who have tried or cannot tolerate other skin-directed therapies. *Id.* ¶¶ 15–16. Its average wholesale price exceeds $34,000.00 per 60-gram tube. *Id.* ¶ 17.

From early 2017 to late 2021, Avenue M Pharmacy ("Avenue M") in Brooklyn, New York, purchased 110 tubes of Targretin Gel 1% from its wholesale provider. *Id.* ¶ 23. Over the same period, Avenue M billed Medicare for approximately 253 tubes of Targretin Gel 1%. *Id.* ¶¶ 23, 29. Avenue M therefore submitted over 140 fraudulent claims to Medicare, receiving $4,261,609.25 in improper disbursements. *Id.* ¶ 29.

1

Defendant's brother-in-law, Artom Rafaelov, owned and operated Avenue M. *Id.* ¶ 18. Mr. Rafaelov directed medication purchases and supervised the pharmacists responsible for billing Medicare. *Id.* He hired Defendant to be Avenue M's office manager given Defendant's prior experience running pharmacies. *Id.* ¶¶ 19, 78–79. Defendant handled Avenue M's back-office functions, including finances, paperwork, contracts, and audits. *Id.* ¶¶ 19, 34. Defendant was paid a salary and received 50% of Avenue M's profits. *Id.* ¶ 19.

Defendant did not learn about the Medicare-fraud scheme until six or seven months into his tenure. *Id.* ¶ 34. Although he initially protested the scheme, he continued to serve as office manager, eventually writing checks to facilitate buy-backs of Targretin Gel 1% in order to bill Medicare for dispensing the same medication twice. *Id.*

*Procedural History*

On September 28, 2022, Artom Rafaelov pled guilty to one count of Health Care Fraud in violation of 18 U.S.C. § 1347. *See United States v. Rafaelov*, 22-CR-368, ECF No. 23 (Plea Agreement).

On January 18, 2023, Defendant voluntarily spoke to the Government about his involvement in the scheme pursuant to a proffer agreement. Def. Sent'g Mem. at 3, ECF No. 16.

On March 22, 2024, this Court sentenced Artom Rafaelov to thirty-seven (37) months' imprisonment followed by two (2) years' supervised release with special conditions. *See Rafaelov*, ECF Nos. 44 (Memorandum & Order), 46 (Judgment).

On June 11, 2024, Defendant waived indictment and pled guilty to a single-count Information charging him with Health Care Fraud in violation of 18 U.S.C. § 1347. Waiver of Indictment, ECF No. 10; Plea Agreement ¶ 1, ECF No. 11. As part of the plea agreement, Defendant consented to forfeiture of $1,061,458.00. Plea Agreement ¶ 8.

## II. LEGAL STANDARD

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

## III. ANALYSIS

### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first Section 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

#### 1. *Family and Personal Background*

Defendant was born on April 8, 1978, in Tashkent, Uzbekistan. PSR ¶ 57. His family immigrated to the United States on August 19, 1988, settling in the Forest Hills neighborhood of Queens, New York. *Id.* ¶ 59. Defendant's father, a watch repairman, passed away at age 78 in 2021. *Id.* ¶ 57. His mother, age 74, lives in Defendant's childhood home in Forest Hills with Defendant's only sibling, a brother. *Id.* ¶¶ 57–58. Defendant had a good childhood free of abuse or neglect. *Id.* ¶ 59. He is close with his mother and brother, who are aware of the instant offense and supportive. *Id.* ¶¶ 57–58.

Defendant and his wife married on August 21, 2001. *Id.* ¶ 60. Defendant's wife operates an edible arrangement company. *Id.* They have three sons, ages 11, 17, and 19. *Id.* All are healthy and attending school. *Id.* Defendant reports having a "very good" relationship with each of his sons. *Id.* All are aware of the instant offense and supportive. *Id.*

#### 2. *Educational and Employment History*

Defendant graduated from Forest Hills High School in Queens, New York, in 1996. *Id.* ¶ 72. In 2004, he earned an associate degree in applied science from Queensborough Community College in Queens, New York. *Id.* ¶ 71. At some point between 1996 and 2004, Defendant completed a yearlong computer-related course at ASA College in New York City. *Id.* ¶ 75. He is fluent in three languages: English, Russian, and Spanish. *Id.* ¶ 74.

4

From 2001 to 2008, Defendant worked in information technology at a local bank in Lake Success, New York. *Id.* ¶ 79. From 2009 to 2016, he owned and operated a pharmacy. *Id.* From 2016 to 2018, he worked as a full-time driver at a car service company in Queens, New York. *Id.* ¶ 78. From 2017 to 2021, he served as Avenue M's office manager. *Id.* ¶ 77. Defendant's brother-in-law, Artom Rafaelov, reportedly "begged" Defendant to take the job. *Id.* ¶ 78.

Defendant has been unemployed since his arrest for the instant offense in 2021. *Id.* ¶ 76. He receives income from three rental properties in New York. *Id.* ¶¶ 76, 81.

3. *Prior Convictions*

Defendant has no prior criminal history. *Id.* ¶¶ 68–73.

4. *Physical and Mental Health*

In 2018, Defendant was diagnosed with an enlarged thyroid. *Id.* ¶ 65. In 2020, he was diagnosed with kidney stones. *Id.* Defendant undergoes monitoring for his thyroid condition. *Id.* He has visited the hospital twice to pass kidney stones. *Id.* Defendant does not take medication for either condition.

Defendant reports attending therapy. *Id.* ¶ 67. He does not report any history of mental or emotional health conditions. *Id.* ¶ 66.

5. *Substance Abuse*

Defendant reports drinking alcohol occasionally during the week. *Id.* ¶ 69. He has no history of illicit-substance use. *Id.* ¶ 70.

6. *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense. *See supra* Part I.

### B. The Need for the Sentence Imposed

The second Section 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense, which involved knowingly and willfully defrauding Medicare of over $4,000,000.00 for his personal profit. The Court's sentence will deter others from engaging in similar acts and justly punish Defendant for his crimes. Indeed, the Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

### C. The Kinds of Sentences Available

The third Section 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to committing Health Care Fraud in violation of 18 U.S.C. § 1347. Plea Agreement ¶ 1. He faces a statutory maximum term of ten years' imprisonment and no minimum term. 18 U.S.C. § 1347. He also faces a maximum term of three years' supervised release. 18 U.S.C. § 3583(b)(2). He is eligible for between one- and five-years' probation. 18 U.S.C. § 3561(c)(1). In the absence of extraordinary circumstances, one of the following must be imposed as a condition of probation: a fine, restitution, or community service. 18 U.S.C. § 3563(a)(2).

In addition, Defendant faces a maximum fine of twice the gross loss: $8,523,218.50. 18 U.S.C. §§ 3571(b)(2) and (d). He faces forfeiture as agreed to in the plea agreement: $1,061,458.00. Plea Agreement ¶ 8. He also faces mandatory restitution of the total loss amount: $4,261,609.25. 18 U.S.C. § 3663. The Court reserves its right pursuant to 18 U.S.C. § 3664(d)(5) to hold an evidentiary hearing within ninety days after this sentencing to determine restitution. Finally, the Court is required to impose a mandatory special assessment of $100.00 per count under 18 U.S.C. § 3013(a)(2)(A).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth Section 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

The applicable guideline for Health Care Fraud under 18 U.S.C. § 1347 is U.S.S.G. §2B1.1(a)(2), which carries a base offense level of six (6). Eighteen levels are added because Defendant is accountable for a loss above $3,500,000.00 and below $9,500,000.00. U.S.S.G. §2B1.1(b)(1)(J). Two levels are added because Defendant committed a federal health care offense involving a government health care program and a loss to that program above $1,000,000.00. U.S.S.G. §2B1.1(b)(7). Three levels are reduced because Defendant played between a "minimal" and "minor" role in the offense. U.S.S.G. §3B1.2. These adjustments bring Defendant's adjusted offense level to twenty-three (23).

Additionally, three levels are reduced because Defendant timely accepted responsibility for the offense. U.S.S.G. §§3E1.1(a)–(b). Another two levels are reduced because Defendant qualifies as a zero-point offender. U.S.S.G. §4C1.1(a). These reductions bring Defendant's total offense level to eighteen (18).

All parties agree Defendant has a total offense level of eighteen and a criminal history category of I, resulting in a Guidelines range of twenty-seven (27) to thirty-three (33) months' imprisonment. U.S.S.G. §5A; PSR ¶ 93; Gov't Sent'g Mem. at 3, ECF No. 18; Def. Sent'g Mem. at 3, ECF No. 16.

Probation recommends a bottom-of-the-Guidelines sentence of twenty-seven (27) months' imprisonment; two (2) years' supervised release with special conditions; an order of restitution in the amount of $4,261,609.25; and a $100.00 mandatory special assessment. Sealed Prob. Sent'g Rec. at 1, ECF No. 13-1.

The Government recommends a bottom-of-the-Guidelines sentence of twenty-seven (27) months' imprisonment; an order of restitution in the amount of $4,261,609.25; and a final forfeiture money judgment in the amount of $1,061,458.00. Gov't Sent'g Mem. at 7. The Government argues Defendant's "decision to participate in the scheme and share in its profits, despite knowing it was unlawful and protesting to his brother-in-law, warrants a sentence that is proportionate to his decision and involvement." *Id.* at 5.

Defense counsel recommends a term of probation, including six (6) months' home incarceration. Def. Sent'g Mem. at 1, 13. Defense counsel argues Defendant "reluctantly became a limited, minor participant in the fraud." *Id.* at 2. Defense counsel emphasizes Defendant's good character, as demonstrated in the six letters of support from Defendant's wife, two oldest sons, friends, and coworkers. *Id.* at 6–7. Defense counsel stresses the need to avoid unwarranted sentence disparities among similarly situated defendants. *See infra* Part III.F.

The Court appreciates the sentencing arguments raised by all parties and has considered each in turn.

E.   **Pertinent Policy Statement(s) of the Sentencing Commission**

The fifth Section 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

The parties have not drawn the Court's attention to any applicable policy statements. Finding none on its own, the Court proceeds to the next Section 3553(a) factor.

F.   **The Need to Avoid Unwarranted Sentence Disparities**

The sixth Section 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defense counsel emphasizes the need to avoid unwarranted sentence disparities among similarly situated defendants based on this Court's probationary sentence of Gorgi Naumovski in March 2025. Def. Sent'g Mem. at 11–12; *see United States v. Naumovski*, 20-CR-384, ECF Nos. 140 (Memorandum & Order), 141 (Judgment). Naumovski received approximately $238,865.87 in compensation from his role in a Medicare-fraud scheme that collected $1,800,000.00 in improper disbursements. *Id.* at 12. Defense counsel contends "the imposition of a non-Guidelines sentence would advance the goal of sentencing uniformity." *Id.* For the reasons stated in this Memorandum and Order, the Court's sentence avoids unwarranted sentence disparities.

G.   **The Need to Provide Restitution**

Finally, the seventh Section 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7).

Restitution is mandatory in this case pursuant to 18 U.S.C. § 3663A. The Government requests restitution of $4,261,609.25, "to be paid jointly and severally with Artom Rafaelov."

9

Gov't Sent'g Mem. at 6–7. The Court reserves its right under 18 U.S.C. § 3664(d)(5) to hold an evidentiary hearing within ninety days after this sentencing to determine the specific amounts owed to Defendant's victims.

### IV. CONCLUSION

For the reasons set forth above, the Court sentences Defendant to twenty-seven (27) months' imprisonment; two (2) years' supervised release with both the standard and special conditions of supervision; and a $100.00 mandatory special assessment. This sentence is sufficient but not greater than necessary to accomplish the purposes of Section 3553(a). Defendant must pay restitution of $4,261,609.25 and forfeiture of $1,614,058.00, pursuant to the Court's orders of restitution and forfeiture. The Court does not impose a fine considering Defendant's restitution obligations. The Court excuses Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report, as corrected herein, to the extent those findings are not inconsistent with this opinion.

**SO ORDERED.**

**s/WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 23, 2025
Brooklyn, New York